<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENJAMIN COLEMAN,<br><br>              Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,  etc., *et al.*,<br><br>              Defendants. | Civil Action No. 15-1080  (JLL) (JAD)<br><br><br>**OPINION** |

**LINARES,** District Judge**.**

This matter comes before the Court by way of Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Entry No. 3].  The Court has considered parties' submissions and decides the motion on the papers pursuant to Fed. R. Civ. P. 78.  For the reasons stated herein, Defendants' motion to dismiss Plaintiff's Complaint is granted.

**I.    BACKGROUND**

Plaintiff is the owner of a property located at 393 Seymour Avenue, Newark, New Jersey. Complaint ¶ 1.  On April 27, 2007, Plaintiff accepted a loan of $346,500.00 and executed a promissory note to secure the debt in favor of American Brokers Conduct ("ABC").   *Id.* at ¶¶ 26-27.  This Note was secured by a mortgage signed by Plaintiff, secured by the property and recorded with the Essex County Register of Deeds & Mortgages on or about May 10, 2007.  *Id.* at ¶ 28.  Mortgage Electronic Registration Systems, Inc. ("MERS") was designated as the mortgagee and nominee for ABC and its successors and assigns in Plaintiff's Mortgage.  *Id.*  On February 2, 2009, MERS assigned the Note and Mortgage to IndyMac Federal Bank FSB.  *Id.* at

¶ 30.  On April 22, 2011, the FDIC, as receiver for IndyMac, assigned the Note and Mortgage to One West Bank FSB.  *Id.*  Plaintiff alleges that Deutsche Bank ("Deutsche") is the trustee for the securitization trust that now owns Plaintiff's Note and Mortgage.  *Id.*

Plaintiff filed a Complaint against Defendants on February 10, 2015, essentially alleging that Defendants have no right or interest in the Note or Mortgage because of the securitization of Plaintiff's Mortgage and alleged defects in the chain of title to his Note.  Plaintiff brings the following causes of action against the moving Defendants, as well as IndyMac:  (1) Declaratory Relief; (2) Injunctive Relief; (3) Quiet Title; (4) Negligence Per Se; (5) Accounting; (6) Good Faith and Fair Dealing; (7) Breach of Fiduciary Duty; (8) Wrongful Foreclosure; (9) Violation of the Real Estate Settlement Procedures Act ("RESPA"); (10) Violation of the Home Ownership Equity Protection Act ("HOEPA"); (11) Fraud in the Concealment; (12) Intentional Infliction of Emotional Distress; and (13) Slander of Title.  Defendants Deutsche and MERS filed the instant motion to dismiss Plaintiff's Complaint on April 8, 2015.

II.     LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the

non-moving party.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008).  Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record."  *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994).

A court may dismiss a claim with prejudice if amendment would be futile.  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

**III.   DISCUSSION**

A.  Counts One and Two (Declaratory and Injunctive Relief)

Plaintiff seeks declaratory relief and an injunction preventing a foreclosure action against Plaintiff on the grounds that: (1) one or more of the Defendants failed to abide by the terms of a Pooling and Servicing Agreement (PSA) under which Plaintiff's loan was securitized, and (2) the transfers and/or assignments of the Note and Mortgage were improper.  Complaint ¶¶ 61-143.  Because these allegations fail to state a cause of action against Defendants for declaratory and injunctive relief, the Court will dismiss these claims with prejudice.

Plaintiff has not plead any facts sufficient to support a reasonable inference that he has standing to assert a violation of the PSA.  *Glenn v. Hayman*, No. 07-cv-112, 2007 WL 894213, at *10 (D.N.J. Mar. 21, 2007); *Eun Ju Song v. Bank of America, N.A.*, No. 2:14-3204, 2015 WL 248436, at *2 (D.N.J. Jan. 20, 2015); *HSBC Bank USA v. Gomez*, No. 30625-08, 2013 WL 105303, at *5 (N.J. App. Div. Jan. 10, 2013).  In addition, both the Note and the Mortgage expressly state that they may be transferred.  See Messinger Decl., Ex. A.  Moreover, the fact that Mortgage and Note were "split" does not preclude a foreclosure under New Jersey law.

*PHH Mortgage Corp. v. Garner*, No. 22974-08, 2013 WL 2459868, at *6 (N.J. Super. Ct. App. Div. June 10, 2013).

Plaintiff is also not entitled to declaratory relief under the Declaratory Judgment Act, which provides that, "in a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Before a federal court may grant a declaratory judgment, there must be a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment. *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987) (emphasis added). The relevant inquiry is whether Plaintiff seeks merely advice or whether a real question of conflicting legal interests is before the Court. *Id.*

In the instant case, there is no immediate controversy warranting declaratory judgment as there is no active foreclosure action. Therefore, the Court finds that it is premature for Plaintiff to seek a judicial determination regarding Defendants' standing to ultimately foreclose on the subject property. The Court also finds that a request for a declaratory judgment is improper because the Complaint, on its face, does not present questions of conflicting legal interests, but instead is an attempt by *pro se* Plaintiff to seek legal advice from the Court. See Compl. ¶¶ 145-151.

Plaintiff similarly is not entitled to injunctive relief. Federal Rule of Civil Procedure 65 permits district courts to grant injunctive relief in the form of temporary restraining orders. Fed. R. Civ. P. 65(b). The grant of injunctive relief is "an extraordinary remedy ... which should be granted only in limited circumstances." *Empire United Lines v. Baltic Auto Shipping, Inc.*, No. 15-cv-355, 2015 WL 337655, at *1 (D.N.J. Jan. 23, 2015) (quoting *AT & T v. Winback and*

4

*Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994)). For a court to grant injunctive relief, a party must demonstrate: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). The party seeking injunctive relief bears the burden of demonstrating that all four factors weigh in favor of preliminary relief. *AT & T v. Winback and Conserve Program, Inc.*, 42 F.3d at 1427.

Here, Plaintiff's Complaint falls short of demonstrating a likelihood of success on the merits. Specifically, the relief sought by Plaintiff is not supported by the underlying indisputable facts. Plaintiff does not dispute that he executed the Note to ABC and its successors and assigns and the Mortgage to MERS as mortgagee and nominee for ABC. Compl. ¶¶ 26-28; Messinger Decl. Ex. A. Therefore, Plaintiff acknowledges that a debt was created. Plaintiff also does not allege any facts to support his conclusory allegations that the Note has been paid in full or satisfied and that he is not in default on the Loan. There is no active foreclosure action or a pending sheriff's sale of the Property.

Accordingly, Plaintiff fails to set forth the necessary elements for injunctive and declaratory relief and the Court dismisses the First and Second Causes of Action with prejudice.

  B. Count Three (Quiet Title)

Pursuant to New Jersey's quiet title statute, a plaintiff may maintain an action to "clear up all doubts and disputes concerning" competing claims to land. N.J. Stat. Ann. 2A:62-1. In accordance with the statute, a plaintiff should spell out the nature of the competing claims in his complaint. *Espinoza v. HSBC Bank, USA, Nat. Ass'n*, No. 12-cv-4878, 2013 WL 1163506, at *3 (D.N.J. Mar. 19, 2013). In addition, a plaintiff must allege facts showing that a defendant's

competing interest is wrongful. *English v. Fed. Nat. Mortgage Ass'n*, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013).

Here, Plaintiff's claim to quiet title is based on nothing more than conclusory allegations and Plaintiff's questioning of the validity of the Mortgage's assignment, which is insufficient to establish a claim for quiet title. *See Schiano v. MBNA*, No. 05-1771 JLL, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013) (dismissing complaint and holding that plaintiffs' allegations that they do not know the owner of their mortgage and that the assignments of their mortgage are invalid are not sufficient to establish a quiet title action); *English v. Federal Nat. Mortg. Ass'n*, No. 13-2028, 2013 WL 6188572, *2-4 (D.N.J. Nov. 26, 2013); *Song*, 2015 WL 248436 at __. Because Plaintiff fails to set forth any specific facts supporting the invalidity of the Note, the Mortgage, and the Assignment, or that Plaintiff has fully satisfied repayment of the Loan, Plaintiff's quiet title action fails as a matter of law, and the Court will dismiss the claim with prejudice.

C. Counts Four[1], Six, Seven, Twelve and Thirteen (Negligence Per Se, Breach of Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Intentional Infliction of Emotional Distress and Slander of Title)

Plaintiff's claims for negligence per se (Fourth Cause of Action), breach of covenant of good faith and fair dealing (Sixth Cause of Action), breach of fiduciary duty (Seventh Cause of Action), intentional infliction of emotional distress (Twelfth Cause of Action), and slander of title (Thirteenth Cause of Action) are tort-based claims barred by the economic loss doctrine. The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to

---

[1] Plaintiff's claim for negligence relates to the origination of the Mortgage and Note and subsequent securitization in 2007. Claims for fraud under New Jersey law are governed by a six-year statute of limitations. N.J. Stat. Ann. 2A:14-2. However, Plaintiff did not file his Complaint until February 2015, approximately 2 years after the statute of limitations expired.

which their entitlement only flows from a contract." *Duquesne Light Co. v. Westinghouse Elec. Co.*, 66 F.3d 604, 618 (3d Cir. 1995); *Perkins v. Washington Mutual, FSB*, 655 F. Supp. 2d 463, 471 (D.N.J. 2009) (negligence claim barred); *American Fin. Resources, Inc. v. Countrywide Home Loans Servicing, L.P.*, No. 12-7141, 2013 WL 6816394, *6 (D.N.J. Dec. 23, 2013) (claims for breach of fiduciary duty and breach of implied covenant of good faith and fair dealing barred); *Bracco Diagnostics, Inc. v Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 565 (D.N.J. 2002) (fraud claim barred).

Here, because Plaintiff's claims as asserted against Defendants are based on a contractual relationship, *i.e.*, the Note and Mortgage, Plaintiff's tort claims against Defendants are barred as a matter of law by the economic loss doctrine. Accordingly, the Court will dismiss the Fourth, Sixth, Seventh, Twelfth and Thirteenth Causes of Action in their entirety, with prejudice, for failure to state a cognizable claim for relief.[2]

D. Count Five (Accounting)

Plaintiff's Fifth Cause of Action for an accounting will also be dismissed. Plaintiff conclusorily alleges that "[s]ince the Originator sold the PLAINTIFF'S NOTE without endorsing the NOTE and without making and recording an assignment of the MORTGAGE, Plaintiff has been making improper mortgage payments to Defendants." Compl. ¶ 174. Plaintiff also alleges

---

[2] Counts Four and Seven, Plaintiff's claims of negligence per se and breach of fiduciary duty, may also be dismissed for an additional reason. Pursuant to New Jersey law, "it is well established that a bank does not owe a legal duty to a borrower." *Galayda v. Wachovia Mortg., FSB*, No. 10-1065, 2010 WL 5392743, at *13 (D.N.J. Dec. 22, 2010); *Margulies v. Chase Manhattan Mortg. Corp.*, 2005 WL 2923580, at *2 (N.J. App. Div. Nov. 7, 2005) ("[A]s a general rule there is no fiduciary relationship between a debtor and a creditor, i.e., also a mortgagee and a mortgagor and, therefore, there can be no breach of fiduciary duty claim."). Accordingly, Plaintiff lacks a cognizable claim for a breach of a fiduciary duty or negligence per se.

7

that "Defendants collected monthly mortgage payments from Plaintiff without providing any consideration." *Id.* at ¶ 175.

Plaintiff's accounting claim fails to set forth a cognizable cause of action. He does not dispute that he executed the Note and Mortgage and accepted a loan. Therefore, Plaintiff has an obligation to repay the money he borrowed. Additionally, Plaintiff has identified no contract or statutory provision that entitles him to relief from Defendants or provides Plaintiff a remedy of an accounting. Accordingly, Count Five of the Complaint is dismissed with prejudice for failure to state a cognizable claim for relief.

   E. Count Six (Good Faith and Fair Dealing)

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law because Plaintiff does not allege facts to support the necessary elements for such a claim. In New Jersey, every contract contains an implied covenant of good faith and fair dealing. *Graddy v. Deutsche Bank*, No. 11-3038, 2013 WL 1222655, at *4 (D.N.J. Mar. 25, 2013). "[T]he implied covenant of good faith and fair dealing does not operate to alter the clear terms of an agreement and may not be invoked to preclude a party from exercising its express rights under such an agreement." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 271 (3d Cir. 2004). To succeed on such a claim, a plaintiff must prove: (1) a contract exists between plaintiff and defendant; (2) plaintiff performed under the terms of the contract [unless excused]; (3) defendant engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving plaintiff of the rights and benefits under the contract; and (4) defendant's conduct caused plaintiff to suffer injury, damage, loss or harm. *Graddy*, 2013 WL 1222655, at *4.

Here, Plaintiff acknowledges that a debt is owed under the Note, but does not allege that he fully performed under the Note and Mortgage by fully repaying the debt owed. Thus, Plaintiff does not and cannot state a cognizable claim for relief against Defendants. Further, Plaintiff points to no bad faith or conduct by Defendants depriving him of his rights and benefits under the Note and Mortgage. *Graddy,* 2013 WL 1222655, at *4 ("Plaintiff has not alleged that Wachovia engaged in any conduct, apart from that which the contract expressly permitted, in bad faith or for the purposes of depriving the plaintiff of their rights under the contract. Therefore, this claim will also be dismissed."). Therefore, the Court dismisses Count 6 of the Complaint with prejudice for failure to state a cognizable claim for relief.

F. Count Eight (Wrongful Foreclosure) and Count Thirteen (Slander of Title)

Plaintiff does not allege any facts regarding where, when, or how the alleged foreclosure proceedings occurred or by whom they were commenced, thus there is no basis for Plaintiff to claim that "defendants have engaged in an unlawful foreclosure of the Subject Property" (Compl. ¶ 194) or that "the foreclosure is void" (*id.* ¶ 199). Additionally, Plaintiff's claim for wrongful foreclosure fails to state a cognizable claim for relief because Plaintiff does not cite to any statute or case law that supports a cause of action for "wrongful foreclosure" under New Jersey law.

Plaintiff also fails to allege the necessary elements of slander of title. To establish a cause of action for slander of title, a plaintiff must show: "(1) publication (2) with malice (3) of false allegations concerning plaintiff's property or product (4) causing special damage, i.e., pecuniary harm." *Sys. Operations, Inc. v. Scientific Games Dev. Corp.*, 555 F.2d 1131, 1140 (3d Cir. 1977); *see also Stewart Title Guar. Co. v. Greenlands Realty, L.L.C.*, 58 F. Supp. 2d 370, 388 (D.N.J. 1999). Malice is defined as the "intentional commission of a wrongful act without just cause or excuse." *Stewart Title*, 58 F. Supp. 2d at 388. An allegation of malice requires a

9

plaintiff to demonstrate that defendant "knew the statement to be false or acted in reckless disregard of its truth or falsity." *Morin v. 20/20 Cos.*, No. 10-06476, 2012 WL 3880205, at *7 (D.N.J. Sept. 5, 2012).  Plaintiff fails to meet this standard.

Plaintiff's slander of title claim is based on the conclusory allegation that "Defendants, each of them, disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, Trustee's Deed, and the documents evidencing the commencement of judicial foreclosure by a party who does not possess that right."  Compl. ¶ 254.  Plaintiff's conclusory allegations are wholly unsupported by facts and cannot withstand scrutiny under 12(b)(6) because no judicial foreclosure proceedings have commenced.

The Court, therefore, dismisses Counts Eight and Thirteen with prejudice for failure to state a cognizable claim for relief.

G. Counts Nine, Ten and Eleven (RESPA, HOEPA and Fraud in the Concealment)

Plaintiff brings causes of action alleging violations of RESPA, HOEPA and fraud in the concealment, each based on allegations relating to the origination of Plaintiff's loan.  Claims for fraud are governed by six-year statutes of limitations in New Jersey.  N.J. Stat. Ann. 2A:14-1. Claims for violation of Section 2607 of RESPA are governed by a one-year statute of limitations. 12 U.S.C. § 2614.  Claims for rescission under HOEPA are governed by a three-year statute of limitations.  15 U.S.C. § 1635(f).

All of these claims are time-barred because Plaintiff filed his Complaint in February 2015 and the Loan originated in April 2007, and Plaintiff has not plead the application of the discovery rule.  These claims stemmed from the terms and execution of the mortgage loan, and

as such, the mortgagors could have easily discovered the allegedly improper conduct of the mortgagee simply by reviewing the documents relating to the mortgage.  *See*, *Lutzky v. Deutsche Bank National Trust Co.*, No. 09-cv-3886, 2009 WL 3584330, at *2 (D.N.J. January 27, 2009). Thus, the Court dismisses Counts Nine, Ten and Eleven with prejudice for failure to state a cognizable claim for relief.

    H.  Count Eleven (Fraud in the Concealment)

To establish a common-law fraud claim, a plaintiff must prove: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.  *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997).  "Misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them."  *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 174 (2005). In addition to setting forth the necessary elements, the stringent pleading requirements of F.R.C.P. 9(b) apply to a claim of common law fraud:

> Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." … To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation….

*Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (internal citations omitted).  Thus, basic tenets of pleading fraud in New Jersey requires Plaintiff to state the "who, what, when, and where" details of the alleged fraud.  *Saporito v. Combustion Eng'g Inc.*, 843 F.2d 666, 675 (3d Cir. 1988), vacated on other grounds, 489 U.S. 1049 (1989) (complaint dismissed where it alleged "the general content of the representations," but did not specify "who the speakers were

... or who received the information"). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Galayda v. Wachovia Mortg., FSB*, No. 10-cv-1065, 2010 WL 5392743, at *8 (D.N.J. Dec. 22, 2010). Indeed, the United States Court of Appeals for the Third Circuit has advised that on a fraud claim, at a minimum, a plaintiff must support his/her allegations of fraud with all the essential factual background that would accompany "'the first paragraph of any newspaper story'-that is, the 'who what, when, where and how' of the events at issue." *In re Supreme Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276–77 (3d Cir. 2006) (citations omitted).

To establish a claim of fraud in the concealment requires the existence of a duty to disclose as well. *Berman v. Gurwicz*, 189 N.J. Super. 89, 93 (App. Div. 1981). The court in *Berman* described the three classes of transactions for which a duty to disclose might arise: (1) definite fiduciary relationships such as principal-agent or attorney-client; (2) those without a special fiduciary relationship but where it appears that one of the parties expressly reposes a trust and confidence in the other; and (3) those without a special relationship, but in which the very nature of the transaction or contract itself is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure, such as a contract for insurance. *Id.* at 93-94.

Here, Plaintiff's fraud claim fails as a matter of law for numerous reasons: (1) The Note and Mortgage specifically contemplate the transfer of the Note; (2) Plaintiff has failed to plead or identify a duty that requires Defendants to disclose anything regarding the securitization of the Loan; (3) the allegedly concealed fact is not material as it did not alter the bargained-for terms of the Note or Mortgage; and (4) Plaintiff does not and cannot establish that they were damaged as a result of any alleged securitization.

The Note and Mortgage both specifically contemplate a transfer of possession (such as a transfer to a trust for securitization). The Mortgage states at ¶ 20 that the "Note or a partial interest in the Note can be sold one or more times without prior notice to Borrower." (Messinger Decl., Ex. A.). Even if the Note and Mortgage did not explicitly allow the transfer of the Note, Plaintiff does not and cannot identify a duty that would require Defendants to disclose the alleged post-closing securitization of the loan. As noted above, lender-creditor relationships in New Jersey is not a fiduciary relationship and is considered in essence adversarial. *United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 552 (App. Div. 1997).

Therefore, Plaintiff's fraud in the concealment claim is dismissed with prejudice.

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted. The Court dismisses the Complaint as to all Defendants because Plaintiff has not, and cannot, state a cognizable claim for relief as to any Defendant. As amendment of Plaintiff's claims would be futile, Plaintiff's Complaint is hereby dismissed with prejudice. An appropriate Opinion accompanies this Order.

DATED: May 11, 2015

s/ Jose L. Linares<br>
JOSE L. LINARES<br>
U.S. DISTRICT JUDGE